# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2925

_____

James I. Dale,                          *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   District of South Dakota.
Daryl Slyhuis, Interim Warden, in       *
his individual and official capacities; *       [UNPUBLISHED]
Kelly Daughters, Counselor, in his      *
individual capacity; Mark Leonard, in   *
his individual capacity,                *
                                        *
            Appellees.                  *

_____

Submitted: February 27, 2009
Filed: March 9, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

South Dakota state prisoner James I. Dale (Dale) appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action claiming defendants violated his Eighth Amendment rights by denying him proper usage of

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

prescribed custom inserts for his shoes and by requiring him to share an electric razor with other inmates, which he alleged was unsanitary. Reviewing the grant of summary judgment de novo and viewing the record in the light most favorable to Dale, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (standard of review), we affirm.

We first conclude summary judgment was appropriate on Dale's claim related to his custom inserts, because the undisputed facts established Dale received prompt medical care once he complained about discomfort in his right heel and ankle, and Dale's physician initially did not prescribe removal of the existing insoles of his shoes in conjunction with the use of the custom inserts. Thus, even assuming Dale had a serious medical need, he could not show defendants—by temporarily denying him permission to remove the existing insoles—either denied or delayed access to medical care or intentionally interfered with prescribed treatment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (explaining the Eighth Amendment proscribes deliberate indifference to prisoners' serious medical needs; deliberate indifference may be manifested by the prison staff intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed).

We further conclude summary judgment was appropriate on Dale's claim related to the sharing of an electric razor, because the undisputed facts established that once Dale requested an administrative remedy, the matter was investigated and Dale was informed that a razor would be disinfected upon his request. Thus, even assuming this condition created a substantial risk of serious harm, Dale could not show that defendants were deliberately indifferent to that risk. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (stating, to prevail on Eighth Amendment claim, the prisoner was required to show the challenged condition presented a substantial risk

of serious harm and prison officials acted with deliberate indifference toward that risk).

Accordingly, we affirm.

_____